**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**KARL LINARD MALLOY,**

**Appellant,**

**v.** **Civil Action No. 3:25cv866**

**KRISTIN E. SCHELIN, *et al.*,**

**Appellees.**

**MEMORANDUM OPINION**

This matter comes before the Court on *pro se*[1] Appellant Karl Linard Malloy's appeal of the United States Bankruptcy Court for the Eastern District of Virginia's (the "Bankruptcy Court")[2] Order Extending Time to File a Complaint to Object to the Discharge (the "Extension Order"). (ECF No. 1-1, at 4–5.)[3]

---

[1] Mr. Malloy is an attorney licensed to practice law in the State of New York, the State of Maryland, and the District of Columbia, but he is not a member of the Virginia State Bar. *See In re Karl Linard Malloy*, Case No. 23-33442-KRH, ECF No. 426, at 5 n.4 (Bankr. E.D. Va. Oct. 28, 2024). For the purposes of this appeal, the Court will consider Mr. Malloy a *pro se* litigant.

[2] The instant matter is one of 44 appeals Mr. Malloy has filed with this Court. *See* 3:24-cv-02, 3:24-cv-59, 3:24-cv-170, 3:24-cv-727, 3:24-cv-728, 3:24-cv-729, 3:24-cv-778, 3:24-cv-779, 3:24-cv-785, 3:42-cv-786, 3:24-cv-788, 3:24-cv-790, 3:24-cv-791, 3:24-cv-792, 3:24-cv-793, 3:24-cv-794, 3:24-cv-795, 3:24-cv-796, 3:24-cv-797, 3:24-cv-828, 3:24-cv-832, 3:24-cv-891, 3:25-cv-21, 3:25-cv-104, 3:25-cv-300, 3:25-cv-416, 3:25-cv-417, 3:25-cv-525, 3:25-cv-534, 3:25-cv-760, 3:25-cv-780, 3:25-cv-781, 3:25-cv-834, 3:25-cv-866, 3:26-cv-21, 3:26-cv-22, 3:26-cv-82, 3:26-cv-8; 3:26-cv-494, 3:26-cv-751; 3:26-cv-761; 3:26-cv-762; 3:26-cv-848; 3:26-cv-894. The Court has ruled on 30 of these appeals, including the instant appeal.

[3] This Court employs the pagination assigned by the CM/ECF docketing system. The Court cites primarily to its own record, "(ECF No. X)." However, given the onslaught of paperwork submitted in support of these nearly entirely frivolous appeals, the Court supplements the record with citations to documents on the underlying Bankruptcy Court docket, Case No. 23-33442-KRH (Bankr. E.D. Va.).

The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. Accordingly, the matter is ripe for disposition. For the reasons articulated below, the Court will dismiss the appeal for lack of jurisdiction.

## I. Factual and Procedural Background

### A. Factual Background

This Court has previously articulated the factual background in the underlying bankruptcy action (the "Bankruptcy Case"). *See, e.g.*, *Malloy v. Schelin*, No. 3:25-cv-417 (MHL), ECF No. 27, at 2–10 (E.D. Va. Sep. 1, 2026). A significantly truncated background shows that Mr. Malloy initiated the underlying Bankruptcy Case in 2023 by filing a voluntary Chapter 13 Petition. (Bankr. ECF No. 1; *see also* Bankr. ECF No. 20 (first proposed Chapter 13 plan).) The Bankruptcy Court denied Mr. Malloy's first proposed Chapter 13 plan, (Bankr. ECF No. 481), and, after twice granting Mr. Malloy leave to file first and second amended Chapter 13 plans, (Bankr. ECF No. 481, at 10; Bankr. ECF No. 723, at 1), converted the Bankruptcy Case from one under Chapter 13 of Title 11 of the United States Code to one under Chapter 7 of Title 11, (Bankr. ECF No. 762).

Following conversion, Appellees moved the Bankruptcy Court under Federal Rule of Bankruptcy Procedure 4004(b)(1)[4] to extend the date by which to object to Mr. Malloy's

[4] Federal Rule of Bankruptcy Procedure 4004(a)(1) governs the procedure and time limits for objecting to a discharge under 11 U.S.C. § 727 in a chapter 7 case. Under Rule 4004(b)(1), a bankruptcy court may, "for cause, extend the time to object to a discharge" "[o]n a party in interest's motion and after notice and a hearing." Fed. R. Bankr. P. 4004(b)(1); *see also* Fed. R. Bankr. P. 9006(b)(3)(A) (providing that a court may extend the time to object to a discharge under 4004(a) but "only as permitted" by Rule 4004).

discharge.[5] (Bankr. ECF No. 866.) Mr. Malloy opposed Appellees' request for additional time. (Bankr. ECF No. 877.) On September 9, 2025, the Bankruptcy Court held a hearing (the "Hearing") on Appellees' motion, during which it orally granted Appellees' motion to extend the time to object to the discharge. (Bankr. ECF No. 890, at 45:13–18.) The Bankruptcy Court later issued the Extension Order, memorializing its oral ruling. (ECF No. 1-1, at 4–5.)

### B. Procedural Background

On October 21, 2025, Mr. Malloy appealed the Extension Order to this Court, which is addressed below. (ECF Nos. 1, 1-1.) On December 29, 2025, Mr. Malloy filed his appellate brief. (ECF No. 8.) On January 28, 2025, Appellees filed their appellate brief. (ECF No. 9.) On February 12, 2025, Mr. Malloy replied. (ECF No. 10.)

## II. Analysis

Mr. Malloy purports to appeal the Extension Order under 28 U.S.C. § 158(a)(1),[6] which provides that district courts have jurisdiction over "final judgments, orders, and decrees" of the

---

[5] On the same day as the Appellees, the United States Trustee also sought an extension from the Bankruptcy Court under Rule 4004(b)(1), which the Bankruptcy Court granted. (Bankr. ECF No. 895.) Mr. Malloy appealed to this Court the Bankruptcy Court's order granting the United States Trustee's extension. *See Malloy v. Freeman*, 3:25-cv-834 (MHL) (E.D. Va.).

Mr. Malloy has also appealed to this Court three additional Bankruptcy Court orders granting requests by the United States Trustee and Appellees to extend the time to file a complaint to object to the discharge. *Malloy v. Freeman*, 3:26-cv-22 (MHL) (E.D. Va.) *Malloy v. Schelin*, 3:26-cv-82 (MHL) (E.D. Va.), *Malloy v. Schelin*, 3:26-cv-494 (MHL) (E.D. Va.).

[6] 28 U.S.C. § 158(a) provides two additional grounds under which district courts can exercise jurisdiction over an appeal from a bankruptcy court: from "interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title" or "other interlocutory orders" with "leave of court." § 158(a)(2)–(3). Mr. Malloy does not appeal an interlocutory order or decree issued under § 1121, nor did he seek leave of court. Accordingly, the Court has jurisdiction only if the appealed order is a "final judgment, order, [or] decree." § 158(a)(1).

bankruptcy courts. (ECF No. 8, at 6–9.) Appellees contend that Mr. Malloy's appeal is not a final order under § 158(a)(1), meaning that the Court lacks jurisdiction over the instant appeal. (ECF No. 9, at 4, 7–10.) Appellees are correct.

To be appealable under § 158(a)(1), the challenged judgment, order, or decree "does not have to end the entire bankruptcy case; it just has to end a proceeding inside the case." *Kiviti v. Bhatt*, 80 F.4th 520, 529 (4th Cir. 2023). As the United States Supreme Court has explained, "'bankruptcy case[s] involve[] an aggregation of individual controversies, many of which would exist as stand-alone lawsuits but for the bankrupt status of the debtor.'" *In re Bestwall, LLC*, 99 F.4th 679, 685 (4th Cir. 2024) (quoting *Bullard v. Blue Hills Bank*, 575 U.S. 496, 501 (2015)); *see also Fadayiro v. Ameriquest Mortg. Co.*, 371 F.3d 920, 922–23 (7th Cir. 2004) (dubbing bankruptcy proceedings "hydraheaded"). Accordingly, a "final judgment, order, or decree" is "immediately appealable if [it] finally dispose[s] of discrete disputes within the larger bankruptcy case." *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 589 U.S. 35, 39 (2020) (quotation and internal alterations omitted).

The instant appeal does not end a proceeding within the larger Bankruptcy Case. While the Extension Order grants Appellees additional time to file objections to the discharge, the

---

In his reply, Mr. Malloy also states that Federal Rule of Bankruptcy Procedure 8004(d) "expressly authorizes the Court to treat as timely a notice of appeal as a motion for leave to appeal" for purposes of 28 U.S.C. § 158(a)(3). (ECF No. 10, at 4–5.)

Mr. Malloy does not move the Court to treat his notice of appeal as a motion for leave under Rule 8004(d)(1), nor does he make any argument that his brief should be construed as such. Without briefing or argument on this point from Mr. Malloy, the Court declines to treat Mr. Malloy's notice of appeal as a motion for leave to appeal. In any event, Mr. Malloy would not satisfy the requirements for an interlocutory appeal. *See KPMG Peat Marwick L.L.P. v. Estate of Nelco, Ltd., Inc.*, 250 B.R. 74, 78 (E.D. Va. 2000) (articulating the requirements for seeking leave to appeal an interlocutory order and explaining that "*the appellant* must demonstrate that *exceptional circumstances* justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment") (emphasis added).

Bankruptcy Court will still have to determine whether to grant or deny any objections should Appellees file them. Indeed, the Extension Order is precisely the type of order that the Supreme Court has expressly stated—*in cases Mr. Malloy cites, and that he wrongly insists support his understanding of finality*—do *not* constitute final orders. (ECF No. 8, at 7–9.) As the Supreme Court explained in *Ritzen Group*,

> Courts . . . should not define "proceeding" to include disputes over minor details about how a bankruptcy case will unfold. As we put it in *Bullard*, "[t]he concept of finality cannot stretch to cover, for example, an order resolving a disputed request for an extension of time."

589 U.S. at 590 (quoting *Bullard*, 575 U.S. at 505); *see In re Wijewickrama*, No. 1:16-cv-347, 2018 WL 2212983, at *1, *3 (W.D.N.C. Mar. 15, 2018) (finding that order granting an extension of time to object to a discharge was interlocutory); *In re Veltmeyer*, No. 24-cv-1200-RSH-BLM, 2024 WL 4983152, at *2–3 (S.D. Cal. Dec. 4, 2024) (same).

The Extension Order is clearly interlocutory, and the Court accordingly lacks jurisdiction over the appeal.

## III. Conclusion

For the reasons articulated above, the Court lacks jurisdiction over the instant appeal. Accordingly, the Court will dismiss the appeal.

An appropriate Final Order shall issue.

/s/ MHL

M. Hannah Lauck
Chief United States District Judge

Date: 9/10/26
Richmond, Virginia